**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION**

| | | |
|---|---|---|
| ANTWOUN HENDERSON, | ) | |
| | ) | No. 2:11-cr-02037-DCN-11 |
| Petitioner, | ) | No. 2:13-cv-02510-DCN |
| | ) | |
| vs. | ) | |
| | ) | **ORDER** |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

This matter is before the court on petitioner Antwoun Henderson's ("Henderson") petition to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 ("the 2255 Petition"), and the government's motion to dismiss, or in the alternative, for summary judgment. For the reasons set forth below, the court denies the 2255 Petition and grants the government's motion for summary judgment.

## I.  BACKGROUND

On February 15, 2012, a federal grand jury issued a second superseding indictment that charged Henderson and nineteen co-defendants with a total of nine counts relating to cocaine and "crack" cocaine trafficking. On May 11, 2012, Henderson pleaded guilty to one count of the second superseding indictment: conspiracy to distribute 5 kilograms or more of cocaine and 280 grams or more of crack cocaine in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), and 846.

At a sentencing hearing held on September 6, 2012, the court sentenced Henderson to an eighty-seven month term of imprisonment, to be followed by a four-year term of supervised release. Judgment was entered against Henderson on September 12,

2012.  Henderson did not appeal his sentence, which was at the low end of the guidelines range.

On September 16, 2013, Henderson, appearing pro se, filed the 2255 Petition.  On November 27, 2013, the government moved to dismiss the 2255 Petition or, in the alternative, for summary judgment, and Henderson filed a response to the government's motion on January 9, 2014.  On January 23, 2014, the court appointed an attorney to represent Henderson for purposes of the 2255 Petition.

This matter has been fully briefed and the court had the benefit of the parties' arguments at a hearing held on March 12, 2014.   The matter is ripe for the court's review.

## II.   STANDARD OF REVIEW

### A.  Pro Se Litigants

While Henderson is now represented by counsel, he filed the 2255 Petition pro se.  Pro se complaints and petitions should be construed liberally and are held to a less stringent standard than those drafted by attorneys.  See Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978), cert. denied, 439 U.S. 970 (1978).  A district court must liberally construe a complaint or petition filed by a pro se litigant to allow the development of a potentially meritorious case.  See Hughes v. Rowe, 449 U.S. 5, 9 (1980).  Liberal construction, however, does not mean that the court can ignore a clear failure in the pleading to allege facts that set forth a cognizable claim.  See Weller v. Dep't of Soc. Servs., 901 F.2d 387, 390-91 (4th Cir. 1990).

### B.  28 U.S.C. § 2255 Petition

Henderson proceeds under 28 U.S.C. § 2255, which provides, in relevant part:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States . . . may move the court which imposed the sentence to vacate, set aside or correct the sentence.

Henderson bears the burden of proving the grounds for collateral attack by a preponderance of the evidence. King v. United States, No. 05-cv-0218, 2011 WL 3759730, at *2 (D.S.C. Aug. 24, 2011) (citing Miller v. United States, 261 F.2d 546, 547 (4th Cir. 1958)).

### C.  Motion for Summary Judgment

If, on a motion to dismiss, the court considers matters outside of the pleadings, such as a party's supporting memoranda and attachments, the court treats the motion as one for summary judgment. Fed. R. Civ. P. 12(d). "The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a) (2010). At the summary judgment stage, the court must view the evidence in the light most favorable to the non-moving party and draw all justifiable inferences in its favor. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986). Because, in this case, the court considers matters outside the pleadings, it treats the government's motion as one for summary judgment.

### III.  DISCUSSION

Henderson's 2255 Petition sets forth one ground for habeas relief. Specifically, Henderson contends that his attorney, William L. Runyon, Jr., rendered ineffective assistance by failing to request a "safety valve" reduction in Henderson's sentence.

The Supreme Court in Strickland v. Washington, 466 U.S. 668 (1984), announced a two-part test for determining whether a convicted person is entitled to relief on the ground that his counsel rendered ineffective assistance. "To establish cause for [a] default based upon ineffective assistance of counsel, [petitioner] must show that [his] attorney['s] performance fell below an objective standard of reasonableness and that [he] suffered prejudice as a result." United States v. Mikalajunas, 186 F.3d 490, 493 (4th Cir. 1999) (citing Strickland, 466 U.S. at 687). Courts must indulge a strong presumption that counsel's conduct falls within the wide range of reasonably professional assistance. Strickland, 466 U.S. at 689-90.

The court first considers whether Runyon's performance fell below an objective standard of reasonableness when he failed to seek a safety valve reduction during Henderson's sentencing. Congress enacted the Violent Crime Control and Law Enforcement Act of 1994 on September 13, 1994. United States v. Ivester, 75 F.3d 182, 183 (4th Cir. 1996). Among other things, this act contains a safety valve provision that "enables a court faced with certain non-violent drug offenders to forgo applying the mandatory minimum sentence in favor of a lesser sentence under the sentencing guidelines." Id. The safety valve provision, as reflected in § 5C1.2 of the United States Sentencing Commission's Guidelines Manual, allows the court to ignore any statutory mandatory minimum sentence if the defendant meets the following criteria:

> (1) the defendant does not have more than 1 criminal history point . . .;
>
> (2) the defendant did not use violence or credible threats of violence or possess a firearm or other dangerous weapon (or induce another participant to do so) in connection with the offense;
>
> (3) the offense did not result in death or serious bodily injury to any person;

> (4) the defendant was not an organizer, leader, manager, or supervisor of others in the offense, as determined under the sentencing guidelines and was not engaged in a continuing criminal enterprise, as defined in 21 U.S.C. § 848; and
>
> (5) not later than the time of the sentencing hearing, the defendant has truthfully provided to the Government all information and evidence the defendant has concerning the offense or offenses that were part of the same course of conduct or of a common scheme or plan, but the fact that the defendant has no relevant or useful other information to provide or that the Government is already aware of the information shall not preclude a determination by the court that the defendant has complied with this requirement.

U.S. Sentencing Guidelines Manual § 5C1.2 (2010). To meet the fifth criterion, criminal defendants must "demonstrate, through affirmative conduct, that they have supplied truthful information to the Government," even if this information is of no use to the government. Ivester, 75 F.3d at 185. Put another way, defendants cannot claim the benefit of the safety valve reduction "by the mere fact that the Government never sought them out for debriefing." Id. at 185-86. Moreover,

> A defendant's bare assertion that he was truthful . . . is insufficient to satisfy his burden to prove by a preponderance of the evidence that he provided a full and honest disclosure. The defendant's burden under the safety valve is a true burden of proof that rests, at all times, on the defendant. To carry his burden, the defendant must persuade the district court that he has made full, truthful disclosure of information required by the safety valve.

United States v. Aidoo, 670 F.3d 600, 607 (4th Cir. 2012) (discussing a defendant's failure to prove at sentencing that he was entitled to the safety valve reduction) (quotations omitted), cert. denied, 133 S. Ct. 627 (2012).

In this case, the parties agree that Henderson meets the first four eligibility criteria for the safety valve reduction. The only question at issue is whether Henderson meets the fifth criterion, that is, whether he truthfully provided all information and evidence he had to the government.

5

The parties agree that Henderson never made a proffer in this case and that the government never asked to interview him.  At the March 2014 hearing, Henderson testified that:  (1) he only knew about his own participation in the crimes he committed; (2) he knew nothing about the case other than his own involvement; (3) he told Runyon, his attorney, everything he knew about the case; (4) Runyon shared that information with the government; (5) Henderson would not have talked with the government about the case but would have and did talk with Runyon about it; and (6) Runyon never told Henderson about the safety valve reduction.

Runyon's testimony differed sharply from Henderson's version of events. Runyon testified that:  (1) he educated Henderson about the safety valve provision; (2) he did not seek the safety valve reduction for Henderson because he believed that Henderson did not qualify; (3) Henderson chose not to cooperate with government because he did not want to "snitch" on others; and (4) Henderson probably has additional information about the case that he did not share.  By way of example, Runyon noted that Henderson never identified the other men with whom he travelled to Vance, South Carolina to conduct drug deals.

After considering all of the evidence presented at the March 2014 hearing, the court finds that Henderson has not shown that he has made the full, truthful disclosure of information required to warrant the safety valve reduction.  His bare assertions that he was truthful to his attorney are not sufficient evidence of his truthfulness to the government.  See Aidoo, 670 F.3d at 607.  This is particularly true in light of Henderson's repeated assertions that he would not speak directly to the government and the conflicting testimony regarding whether Henderson had additional information that he

could have shared. In short, Henderson has not proved by a preponderance of the evidence that he qualified for the safety valve reduction. As a result, he cannot show that Runyon's failure to ask for the safety valve reduction was objectively unreasonable. Henderson has not met the first prong of the Strickland test; as a result, his ineffective assistance claim fails.

## IV.   CONCLUSION

Based on the foregoing, the court **GRANTS** the government's motion for summary judgment and **DENIES** Henderson's § 2255 petition.

The court also **DENIES** issuing a certificate of appealability because Henderson has failed to make a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

**AND IT IS SO ORDERED**.

_____
**DAVID C. NORTON**
**UNITED STATES DISTRICT JUDGE**

**April 29, 2014**
**Charleston, South Carolina**